Rosanne L. Mah (State Bar No. 242628)
Email: rmah@zlk.com
**LEVI & KORSINSKY, LLP**
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Counsel for Plaintiff Shiloh Begley*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHILOH BEGLEY,<br><br>Plaintiff,<br><br>v.<br><br>FINJAN HOLDINGS, INC., DANIEL CHINN, ERIC BENHAMOU, GLENN DANIEL, JOHN GREENE, HARRY KELLOGG, GARY MOORE, ALEX ROGERS, and MICHAEL SOUTHWORTH,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Shiloh Begley ("Plaintiff"), by and through his undersigned attorneys, brings this action against Finjan Holdings, Inc. ("Finjan" or the "Company"), Daniel Chinn, Eric Benhamou, Glenn Daniel, John Greene, Harry Kellogg, Gary Moore, Alex Rogers, and Michael Southworth, the members of Finjan's board of directors (collectively referred to as the "Board" or the "Individual Defendants," and together with Finjan, "Defendants") for violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and SEC Rule 14d-9, 17 C.F.R. 240.14d-9, in connection with a tender offer by CFIP Goldfish Merger Sub, Inc. ("Merger Sub"), a wholly owned subsidiary of CFIP Goldfish Holdings LLC ("Parent"), affiliates of Fortress Investment Group, LLC (together with Parent and Merger Sub, "Fortress"), to acquire all outstanding shares of Finjan common stock (the "Tender Offer"). Plaintiff alleges the following based upon

personal knowledge as to himself, and upon information and belief, including the investigation of his counsel, as to all other matters.

## NATURE OF THE ACTION

1. On June 10, 2020, Finjan entered into an Agreement and Plan of Merger ("Merger Agreement") with Parent and Merger Sub, pursuant to which Merger Sub would initiate a tender offer to acquire all outstanding stock of Finjan ("Proposed Transaction").

2. To effect the Proposed Transaction, Merger Sub commenced the Tender Offer on June 24, 2020 to purchase each share of Finjan common stock for $1.55 in cash (the "Merger Consideration"). The Tender Offer is set to expire at one minute after 11:59 p.m. Eastern Time, on July 22, 2020 (the "Expiration Date").

3. In connection with the commencement of the Tender Offer on June 24, 2020, the Company filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the United States Securities and Exchange Commission (the "SEC"). The Recommendation Statement is materially deficient and misleading because, *inter alia*, it fails to disclose material information about the Company's financial projections used by the Company's financial advisor, Atlas Technology Group LLC ("Atlas") in the preparation of its fairness opinion, and the financial analyses conducted by Company management regarding the value of the Company. Without all material information, Finjan stockholders are materially misled regarding their decisions to exchange their shares. The failure to adequately disclose such material information constitutes violations of §§ 14(e) and 20(a) of the Exchange Act.

4. For these reasons and as set forth in detail herein, the Individual Defendants have violated federal securities laws. Accordingly, Plaintiff seeks to enjoin the Proposed Transaction or, in the event the Proposed Transaction is consummated, recover damages resulting from the Individual Defendants' violations of these laws. Judicial intervention is warranted here to rectify existing and future irreparable harm to Plaintiff and other Finjan stockholders.

## PARTIES

5. Plaintiff is, and at all relevant times has been, a stockholder of Finjan.

6. Defendant Finjan is a company organized under the laws of the state of Delaware. Finjan

COMPLAINT FOR VIOLATIONS OF THE SECURITIES EXCHANGE ACT OF 1934

maintains its principal executive offices at 2000 University Avenue, Suite 600, East Palo Alto, California, 94303. Finjan's common stock is listed for trading on the Nasdaq under the ticker symbol "FNJN."

7. Defendant Eric Benhamou has served as a director of the Company since June 2013.

8. Defendant Daniel Chinn has served as a director of the Company since June 2013 and is the Chairman of the Board.

9. Defendant Glenn Daniel has served as a director of the Company since April 2014.

10. Defendant John Greene has served as a director of the Company since June 2018.

11. Defendant Harry Kellogg has served as a director of the Company since April 2014.

12. Defendant Gary Moore has served as a director of the Company since November 2015.

13. Defendant Alex Rogers has served as a director of the Company since June 2013.

14. Defendant Michael Southworth has served as a director of the Company since April 2014.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e) and 20(a) of the Exchange Act.

16. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over Defendant by this Court permissible under traditional notions of fair play and substantial justice.

17. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because: (i) the conduct at issue took place and had an effect in this District; (ii) Finjan maintains its principal place of business in this District and each of the Individual Defendants, and Company officers or directors, either resides in this District or has extensive contacts within this District; (iii) a substantial portion of the transactions and wrongs complained of herein, occurred in this District; (iv) most of the relevant documents pertaining to Plaintiff's claims are stored

(electronically and otherwise), and evidence exists, in this District; and (v) Defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## SUBSTANTIVE ALLEGATIONS

**Company Background and the Proposed Transaction**

18. Founded in 1997, Finjan is a cybersecurity company focused on the licensing and enforcement of its intellectual property and cyber security patent portfolio.

19. On June 10, 2020, Finjan announced the Proposed Transaction through a press release, which states in relevant part:

> EAST PALO ALTO, Calif., June 10, 2020 (GLOBE NEWSWIRE) -- Finjan Holdings, Inc. (NASDAQ: FNJN) (Finjan) today announced that it has entered into a definitive agreement (the "Merger Agreement") pursuant to which affiliates of Fortress Investment Group LLC (collectively "Fortress") would acquire all outstanding shares of Finjan common stock for $1.55 per share in cash (the "Transaction"), representing an aggregate equity value of approximately $43.9 million. Finjan, a recognized pioneer in the development of cybersecurity technologies, will maintain its brand and business model post-transaction, licensing and enforcing a substantial patent portfolio that has been consistently upheld by courts and patent offices.
>
> Under the terms of the Merger Agreement, Fortress will commence a tender offer to purchase all the outstanding shares of Finjan's common stock for $1.55 per share in cash. The closing of the tender offer is subject to customary conditions, including the tender of a majority of the outstanding shares of Finjan's common stock. Following successful completion of the tender offer, Fortress will acquire all remaining shares not tendered in the offer through a merger at the same price as in the tender offer.
>
> Finjan's Board of Directors unanimously approved the Merger Agreement and recommends that shareholders tender their shares. In connection with the Merger Agreement, directors and officers of the Company, together with shareholders, in the aggregate holding approximately 28 percent of the outstanding shares of common stock of the Company, have agreed to tender their shares in the offer pursuant to support agreements.
>
> The Transaction is not subject to any financing condition and is expected to close in the third quarter of 2020.
>
> Daniel Chinn, Chairman of Finjan Holdings, stated, "The Board of Directors thoroughly evaluated all of our strategic options, giving careful consideration to the current unprecedented and uncertain environment, and we believe that this transaction will provide the best outcome for Finjan and its stockholders. We appreciate the continued patience of our investors and employees and thank them for their support. We recommend all shareholders to tender their shares in the offer."
>
> Phil Hartstein, President and Chief Executive Officer of Finjan, commented, "We believe that this transaction strengthens our ability to continue executing our

business model, particularly while facing unpredictable timelines in the court system and a challenging macro-economic environment. The acquisition enables Finjan to continue to pursue our licensing mission and expand our reputation and credibility on policy related initiatives, while providing us greater resources and opportunities as a Fortress portfolio company."

Eran Zur, Managing Director and head of the Fortress IP Finance Group, commented, "Finjan pioneered many of the technologies that underpin how companies protect their networks from cyberattacks. Finjan had the foresight to patent its innovations and its patent portfolio has been repeatedly upheld by courts and patent offices while being widely licensed to industry players. Fortress and Finjan share a strong belief in the importance of preserving a patent system that allows innovators to earn a fair return on their investment and we look forward to supporting Finjan as it moves forward with its licensing program."

Atlas Technology Group, LLC is acting as exclusive financial advisor to Finjan, and Perkins Coie LLP and GCA Law Partners LLP are serving as legal advisors to Finjan. Sidley Austin LLP is serving as legal advisor to Fortress.

**The Recommendation Statement Is Materially Incomplete and Misleading**

20. On June 24, 2020, in order to convince Finjan stockholders to tender their shares in favor of the Proposed Transaction, Defendants authorized the filing of a materially incomplete and misleading Recommendation Statement containing the recommendation of the Board. Defendants were obligated to carefully review the Recommendation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares in the Proposed Transaction, in violation of Sections 14(e) and 20(a) of the Exchange Act.

*The Company's Financial Projections*

23. The summary of the financial analyses conducted by the Company's financial advisor states that the advisor reviewed the financial projections created by Company management in preparing its financial analyses.

24. Thus, the cash flow projections that formed the basis for the financial advisors' discounted cash flow analyses were management's best estimates of the Company's future results, and did not originate from some other source.

25. The Recommendation Statement states that Company management:

prepared certain financial projections regarding the Company's anticipated future

operations as a standalone company. The most recent of these forecasts were certain financial projections for the remainder of fiscal year ending December 31, 2020, which were made as of April 25, 2020 (the "April Projections") and updated as of May 27, 2020 (the "May Projections", and together with the April Projections, the "Management Projections"). The Management Projections were provided to the Board, Atlas and Fortress. The May Projections were also provided to Atlas for its use in connection with rendering its opinion to the Board and performing its financial analyses. The Management Projections, at the time they were made, represented the best available estimates and good faith judgments of the Company's management as to the Company's future financial performance.

26. The summary of the financial analyses conducted by Atlas indicates that Atlas used "Company Projections for the unlevered cash flows for the remainder of the year ending December 31, 2020." In addition, Atlas used "assumptions, based on and derived from information provided by management, and that management confirmed were reasonable as of the date of Atlas' opinion, to forecast the unlevered free cash flows for calendar years 2021 through 2024."

27. Despite the use of these projections by Atlas and the Board in evaluating the Proposed Transaction, the Recommendation Statement omits any projections for the Company after 2020, including the Company's projected unlevered free cash flows for the rest of 2020 and the forecasted unlevered free cash flows for calendar years 2021 through 2024.

28. Hand-in-hand with this omission, the Recommendation Statement omits the "information provided by management, and that management confirmed were reasonable" and the assumptions made by Atlas in preparing those forecasts of unlevered free cash flows, including operating expenses, litigation expenses, expenses related to the company's mobile portfolio, and all other Company expenses over 2021 through 2024.

29. Instead, the Recommendation Statement discloses projected Revenue, COGS, Operating Expense, Operating Loss, and Cash and Cash Equivalents on hand for the three remaining quarters of 2020.

30. The above-referenced omitted information relating to the Company's financial projections, and particularly the Company's projected unlevered free cash flows, would, if disclosed, significantly alter the total mix of information available to Finjan stockholders regarding the future value of the Company.

31. Thus, the omission of this projected financial information serves to prevent Company stockholders from evaluating the fairness analysis conducted by Atlas, or to perform their own valuation of the Company.

32. Defendants' failure to provide Finjan stockholders with the foregoing material information renders the statements in the *Certain Unaudited Prospective Financial Information of the Company* section of the Recommendation Statement materially misleading.

### *The Valuation Analyses of the Company's Liquidation Value*

31. When determining to go forward with the Proposed Transaction, the Board asked Atlas management to prepare an analysis of the Company's liquidation value on April 5, 2020. After Company management presented this analysis to the Board and its Transaction Committee, the Board determined to reject an offer of $1.50 per share from a "Party B." The Recommendation Statement omits both the analysis conducted by Company management as well as the actual determined liquidation value of the Company. The failure to disclose this value or the analysis misleads Company stockholders as to the actual value of the Company as established by the Board, and the Company's value under alternatives to the Proposed Transaction.

32. This omitted information, if disclosed, would significantly alter the total mix of information available to Finjan stockholders regarding the true value of their holdings.

33. Defendants' failure to provide Finjan stockholders with the foregoing material information renders the statements in the Recommendation Statement materially misleading.

34. In sum, the omission of the above-referenced information renders statements in the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Exchange Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender his shares in favor of the Proposed Transaction, and is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

# CLAIMS FOR RELIEF

## COUNT I

**Claim for Violation of Section 14(e) of the Exchange Act and Rule 14d-9**
**Against the Individual Defendants and Finjan**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading…" 15 U.S.C. § 78n(e).

37. As discussed above, Finjan filed and delivered the Recommendation Statement to its stockholders, which Defendants knew or recklessly disregarded contained material omissions and misstatements as set forth above.

38. Defendants violated § 14(e) of the Exchange Act and Rule 14d-9 by issuing the Recommendation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the exchange offer commenced in conjunction with the Proposed Transaction. Defendants knew or recklessly disregarded that the Recommendation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

39. The Recommendation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the exchange offer, the intrinsic value of the Company, and potential conflicts of interest faced by certain Individual Defendants.

40. In so doing, Defendants made untrue statements of material facts and omitted material facts necessary to make the statements that were made not misleading in violation of § 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the

preparation of the Recommendation Statement, Defendants were aware of this information and their obligation to disclose this information in the Recommendation Statement.

41. The omissions and incomplete and misleading statements in the Recommendation Statement are material in that a reasonable stockholder would consider them important in deciding whether to exchange their shares. In addition, a reasonable investor would view the information identified above which has been omitted from the Recommendation Statement as altering the "total mix" of information made available to stockholders.

42. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and misleading.

43. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff, and Plaintiff will be deprived of their entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the exchange offer.

## COUNT II

### Claim for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of Finjan within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Finjan and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Recommendation Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14d-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants jointly and severally, as follows:

(A) declaring that the Recommendation Statement is materially false or misleading;

(B) enjoining, preliminarily and permanently, the Proposed Transaction;

(C) in the event that the transaction is consummated before the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

(D) directing that Defendants account to Plaintiff for all damages caused by them and account for all profits and any special benefits obtained as a result of their breaches of their fiduciary duties;

(E) awarding Plaintiff the costs of this action, including a reasonable allowance for the fees and expenses of Plaintiff's attorneys and experts; and

(F) granting Plaintiff such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED: July 9, 2020

Respectfully submitted,

**LEVI & KORSINSKY, LLP**

By: /s/ Rosanne L. Mah
Rosanne L. Mah
388 Market Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294

*Counsel for Plaintiff Shiloh Begley*